Mark A. Nickel (SBN: 14082)
Sara E. Pendleton (SBN: 14008)
**GORDON REES SCULLY MANSUKHANI, LLP**
222 Main Street, 5th Floor
Salt Lake City, UT 84101
Telephone:  (801) 204-9990
Facsimile:  (385) 282-7590
mnickel@grsm.com
jalisa@grsm.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| SHANE STROH,<br><br>        Plaintiff,<br><br>vs.<br><br>VALLEY BEHAVIORAL HEALTH;<br><br>        Defendant. | **NOTICE OF REMOVAL**<br><br>Civil No. 2:19-cv-00272-DBP<br><br>Judge Dustin B. Pead |

Defendants Valley Behavioral Health, by and through its undersigned counsel, hereby files this notice to remove this matter to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446. The grounds for removal are as follows:

1.     On or about April 1, 2019, Plaintiff Shane Stroh ("Stroh"), initiated this matter in the Third Judicial Court of Salt Lake County, by filing a Complaint as Civil No. 190902665, seeking, *inter alia*, a damages award for violations of HIPAA, FMLA, and workplace torts. Accordingly, the instant action is one expressly brought against the Defendant arising under federal statute and law of the United States, including under the Health Insurance Portability and Accountability Act (Pub. L. 104-191, 110 Stat. 1936, August 21, 1996) and The Family and Medical Leave Act of 1993. 29 U.S.C. § 2601 (*see* Compl. pp. 33, 37, 39, 42-43, 57).  In addition,

the petitioner alleges and seeks damages based on employment discrimination and disability discrimination, which contain federal questions under Title VII and the Americans with Disabilities Act for which the federal Court has original jurisdiction (*see* Compl. pp. 43, 47; 28 U.S.C. § 1331). Therefore, this action is subject to removal to this Court for federal question jurisdiction. 28 U.S.C. § 1331.

2. Any of Plaintiff's derivative claims arise from the same "case or controversy" as the aforementioned federal claims i.e., Plaintiff's employment relationship with and separation of employment from the Defendant to warrant the federal Court's exercise of supplemental jurisdiction over all such related claims and the entirety of the Complaint. *See* 28 U.S.C. § 1367(a).

3. A copy of all state court documents currently in the possession of the Defendant, which constitutes only the complaint, is attached as Exhibit A. The Defendant will promptly file with this Court any other pleadings, motions, and papers from the state court file once it receives a copy of those documents, if any.

4. Removal of this proceeding is timely under 28 U.S.C. § 1446(b)(1). The Complaint was filed and served on or about April 1, 2019, and this removal is timely filed within thirty (30) days of Defendant's receipt of the Complaint. No responsive pleading has yet been filed nor become due to the Complaint.

5. Removal of this proceeding is further timely under 28 U.S.C § 1466(c) as it is being filed within one (1) year of the commencement of this action.

6. This action is one that may be removed pursuant to 28 U.S.C. §§ 1441(a), in that it is a civil action commenced in a state court involving federal claims for which the U.S. District Court of the District of Utah would have original jurisdiction.

7. By filing this notice, Defendants do not waive any defenses listed in Rule 12, Fed. R. Civ. P.

8. Defendants certify a true and correct copy of the Notice of Removal shall be filed with the Clerk of the state court wherein the action was commenced, as required by 28 U.S.C. section 1446, and give notice to Plaintiff of the same.

WHEREFORE, notice is given that the above-captioned action heretofore pending in the Third Judicial District Court of Salt Lake County, Civil No. 190902665, has been removed to this Honorable United States District Court.

Respectfully submitted this 19th day of April, 2019.

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Mark A. Nickel
Mark A. Nickel
Sara E. Pendleton

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

It is hereby certified that on April 19, 2019, a copy of the foregoing NOTICE OF REMOVAL was served by mailing a copy of that document and its attachments, by first-class mail, postage prepaid, to the Plaintiff at his address of record:

Shane Stroh
640 Springhouse Lane
Murray, UT 84107

/s/ Kimberly Davison