

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Shane Stroh,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>Valley Behavioral Health,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS<br><br>Case No. 2:19-cv-00272-DBP<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Plaintiff Shane Stroh's Motion to Delay (stay) Enforcement of Judgment (ECF No. 14.) and Motion to Remand to State Court Third District. (ECF No. 15.) Plaintiff is acting *pro se* so the court construes his pleadings liberally.[1] The court will deny the motions.

　　　　This case was dismissed with prejudice by the parties May 16, 2019. (ECF No. 13.) Over a year later on June 9, 2020, Plaintiff filed a Motion to Delay (stay) Enforcement of Judgment. Plaintiff asserts there is "newly discovered evidence" from the "HHS/Office for Civil Rights that was not available until early this month via email." (ECF No. 14 p. 1.) Plaintiff points to Federal Rule 60(b) as a basis to grant relief from judgment.

　　　　Rule 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Plaintiff cites to new evidence which falls within subsection (2) and also cites to subsection (6) that provides "any other reason that

---

[1] The court construes a pro se litigant's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

justifies relief." The court finds the delay in filing the 60(b) motion is unreasonable as it is more than a year after this case was dismissed.

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005). "In order to grant a Rule 60(b) motion the district court must make two distinct findings: 'a justification for relief [under one of the clauses of the rule] and a meritorious defense.'" *Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (quoting *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir. 1978)). Plaintiff fails to offer justification for the relief sought. "[A] party seeking to establish [a justification for relief] must plead and prove it." *Id.* (citation and quotations omitted). Even under a liberal reading of Plaintiff's pleadings, Plaintiff has failed to meet this standard.

In similar fashion, the court denies Plaintiff's Motion to Transfer Case to Third District Court. This case was closed over a year ago and there is no basis to transfer it now to another court, including the court where it was allegedly originally filed.

Accordingly, the court DENIES Plaintiff's motions.

IT IS SO ORDERED.


DATED this 22 June 2020.

_____
Dustin B. Pead
United States Magistrate Judge